THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL FLOERSHEIMER, Appellant, *v.* LAWSON PURDY et al., as Commissioners of Taxes and Assessments of the City of New York, Respondents.

**Tax — when certiorari to review assessment obtained for taxpayer by a corporation should not be dismissed on ground that the corporation was prohibited from practicing law.**

Where a taxpayer acting in good faith employed a corporation to take the necessary steps to have an assessment against him corrected and the corporation employed an attorney who obtained a writ of certiorari to review the assessment, the writ should not be dismissed upon the ground that the corporation was prohibited from practicing law by the statutes (Business Corp. Law, § 2-a; Cons. Laws, ch. 4, and Penal Law, § 280), the taxpayer having thereafter ratified the employment of and formally retained the attorney in the matter.

*People ex rel. Floersheimer* v. *Purdy*, 174 App. Div. 694, reversed.

· (Argued April 18, 1917; decided May 8, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 1, 1916, which reversed an order of Special Term denying a motion to vacate an order granting a writ of certiorari to review the action of the defendants in assesssing real property of the relator for purposes of taxation for the year 1914, and granted said motion. The motion to vacate the writ was made upon the grounds that the order directing the issuance of the writ was granted upon the motion of one Gabriel I. Lewis, representing himself as attorney for the relator, whereas

he was not acting as attorney for the relator, but for a corporation known as L. Tanenbaum, Strauss & Company, Inc., which was a stranger to the subject-matter of the proceeding; that the proceeding was commenced and the said writ was obtained in violation of the provisions of section 280 of the Penal Law and section 2-a of the Business Corporations Law; that the application filed with the commissioners of taxes was filed by L. Tanenbaum, Strauss & Company, Inc., and that that act constituted a violation of section 280 of the Penal Law and of section 2-a of the Business Corporations Law; that Gabriel I. Lewis, when applying for said writ, unlawfully represented himself as attorney for the relator; that the writ was unlawfully obtained and inadvisedly granted, and that the court was without jurisdiction in the premises, and that no application was presented to the commissioners of taxes and assessments by the owner of the property affected, nor by any duly authorized agent of the owner, who had knowledge of the facts.

*Charles A. Boston* and *Lindley M. Garrison* for appellant.

*Lamar Hardy, Corporation Counsel* (*William H. King* and *Eugene Fay* of counsel), for respondents.

*Julius Henry Cohen, Edwin M. Ottenbourg* and *George R. Adams* for New York County Lawyers' Association.

*Per Curiam.* We think the order of the Appellate Division vacating the order granting the writ of certiorari and dismissing the writ erroneous. Assuming without deciding that the act of L. Tannenbaum, Strauss & Co., Inc., in instituting the proceeding which resulted in the issuance of the writ was in violation of section 2-a of the Business Corporation Law (Cons. Laws, ch. 4) and section 280 of the Penal Law, and that the act of the attorney who made the motion which resulted in the issuance of the writ of certiorari was unauthorized, such acts in view

of the other undisputed facts were no reason why the relator should be deprived of his right to review the assessment. He was about to depart for Europe and believing that his property had been illegally assessed, left the matter with L. Tannenbaum, Strauss & Co., Inc., to take such lawful steps as it might deem advisable to have the assessment corrected. There is nothing in the record to indicate that he did not act in the utmost good faith in employing such corporation or that he had any reason to believe that it was not authorized to do such acts as might be necessary for that purpose. It is true that he did not employ the attorney who subsequently made the application for the writ of certiorari, but after his return from Europe, the writ in the meantime having been issued, he ratified such employment and formally retained him in the matter. Under such circumstances it would be unjust to hold that because the corporation was unauthorized to act in the first instance, or the attorney was unauthorized to procure the issuance of the writ, the relator should be punished by denying him any relief whatever.

The order appealed from should, therefore, be reversed, with costs to the appellant in the Appellate Division and this court, and the order of the Special Term affirmed.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ., concur; CHASE and HOGAN, JJ., dissent.

Order reversed, etc.