CROKER NATIONAL FIRE PREVENTION ENGINEERING COMPANY, Plaintiff, *v.* HARLEM FRENCH CLEANING & DYEING WORKS, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District, September 22, 1927.

Contracts — validity — action to recover for services rendered by plaintiff corporation in connection with appeal to board of standards and appeals — plaintiff did not engage in " the practice of the law " in violation of Penal Law, § 280.

The plaintiff, a corporation, may recover for services rendered in the preparation and argument of an appeal from an order of the fire department of the city of New York to the board of standards and appeals, for in rendering such services it did not engage in " the practice of the law " in violation of section 280 of the Penal Law, thereby rendering the contract for services void and against public policy.

ACTION for services rendered in connection with an appeal to the board of standards and appeals.

*Samuel Horowitz* [*Philip E. Rosenblum* of counsel], for the plaintiff.

*Noah Seedman* for the defendant.

DAVIES, J. Plaintiff sues for " services rendered in connection with an appeal," and it appears that the services consisted in substance of the successful preparation and argument of an appeal from an order of the fire department of New York city to the board of standards and appeals, for which, under a written agreement between these parties, a percentage fee is claimed to be due.

Upon the trial, defendant rested upon plaintiff's testimony, and asked for dismissal upon the ground that the claim and agreement was for the rendition by a corporation of legal services, and, therefore, violative of section 280 of the Penal Law and against public policy and void.

In *People ex rel. Floersheimer* v. *Purdy* (221 N. Y. 481), relied upon by both plaintiff and defendant herein, it would appear that the decisive element applicable herein was that the corporation was active in procuring a Supreme Court " writ."

Mr. Justice DOWLING, in the case of *Tenenbaum* v. *Higgins* (190 App. Div. 861), decided that the services alleged in complaint were not against the Penal Law provisions, where they are merely to act as agent before the tax board, especially as the Tax Law permits an appearance by agent acquainted with the facts. The court, however, decided that a statutory body such as a tax

commission is administrative, and not judicial, and that, therefore, appearance before it is not " the practice of the law."

As the board of standards and appeals is of the same statutory nature, I am constrained, against my personal opinion, to hold that this case is decisive up to the present herein, and, therefore, must give judgment for the plaintiff.