FRANK N. MORGENSTERN, Respondent, v. MORRIS COHON, Appellant.

MEMORANDUM BY THE COURT. For the reasons stated by Special Term this action should await trial to develop all the facts and circumstances surrounding the making of the agreement in order to determine whether or not it is illegal. The order appealed from should be affirmed.

RABIN, J. (dissenting). The contract as pleaded is one that may not be enforced. The complaint alleges that the defendant requested the plaintiff to purchase 16,500 shares of Hudson & Manhattan Railroad stock and to vote them for the re-election of the then board of directors. It is alleged that this request was made to " aid the defendant in his efforts " to bring about such re-election. The complaint further alleges a consideration for such performance upon the part of the plaintiff. The consideration consisted of the agreement by the defendant to pay one half of any losses in excess of $20,000 which the plaintiff might sustain as the result of such purchase, the total indemnity being limited, however, to $5,000.

Paragraph 3 of the complaint pleads performance and specifically alleges that such stock " was voted for the election of said directors." Alleging a loss in excess of $31,000 the plaintiff claims reimbursement for the damages sustained by him.

The agreement must be held illegal if it violates section 47 of the Stock Corporation Law which provides: " A stockholder shall not sell his vote or issue a proxy to vote to any person for any sum of money or anything of value ".

The first question posed is — was this an agreement to sell a vote within the meaning of section 47? It is urged by the plaintiff that " For aught that appears in the complaint, plaintiff and defendant were on the same side in the election campaign ". It is true that there is nothing illegal or against public policy for two or more stockholders to agree among themselves with respect to voting their shares even when consideration passes in connection with such agreement. (*Manson* v. *Curtis*, 223 N. Y. 313.) The difficulty here, however, is that the complaint is silent with respect to any such or similar arrangement. On the contrary the complaint expressly sets forth that this agreement was entered into at the request of the defendant and in order to

"aid the defendant". There is not a semblance of any statement that the plaintiff had any interest in the re-election of these directors, whatsoever, nor can any such inference be drawn from the allegations no matter how generous the reader might be in construing it. There is no allegation that the plaintiff owned even a single share of stock of the corporation or had the slightest connection with it. The conclusion must be reached therefore that the arrangement does come within the meaning of a sale of a vote as contemplated by section 47 of the Stock Corporation Law.

Of course, the contract does not call for the payment of a specific sum of money for such votes as is forbidden by section 47 of the Stock Corporation Law. However, the promise to indemnify the plaintiff for any losses sustained up to the amount of $5,000 is certainly something of value and the receipt of anything of value for such votes is likewise forbidden. This lawsuit itself proves that the consideration given was something of value else it would not have been brought to recover $5,000.

It seems clear, therefore, that the essence of the agreement was for the plaintiff to vote the stock in aid of the defendant, and there was a valuable consideration given therefor. That makes the contract as pleaded illegal and in the present shape of the pleadings there may be no recovery.

Accordingly, I vote to reverse and dismiss the complaint with leave to the plaintiff to plead over if the facts warrant and if he should be so advised.

Callahan, J. P., Breitel, Bastow and Botein, JJ., concur in Memorandum by the Court; Rabin, J., dissents and votes to reverse in opinion.

Order affirmed, with $20 costs and disbursements to the respondent.