Douglas Ripley et al., Respondents, v. Douglas F. Storer et al., Appellants, et al., Defendant.— Judgment affirmed, with costs. In affirming we do not necessarily agree with the views expressed by the trial court but not carried into the judgment. We do not find it necessary to decide nor was it decided by the trial court that the commission contract may be abandoned or avoided by the corporation. Concur — Peck, P. J., Cohn, Callahan and Rabin, JJ.; Breitel, J., dissents and votes to reverse and dismiss in the following memorandum: The decision and judgment in the prior action between the parties, tried before Mr. Justice Eager (1 Misc 2d 235, affd. 282 App. Div. 950, leave to appeal denied 282 App. Div. 1061, 306 N. Y. 985), are *res judicata.* Arguably, the decision and judgment may contain some ambiguity as to whether a limited directorship was contemplated by the agreement providing for control which was found to be valid in that case. [Of course, if the directorship can be increased, the agreement providing for control will be frustrated.] If the decision and judgment be viewed as ambiguous, then the trial court in this case erroneously excluded the record of the trial of the prior action. Examination of that record reveals testimony clear and unequivocal upon the part of the prevailing parties that the agreement contemplated control by the Storer interests and that such control was to be exercised through a limited directorship of three persons consisting of Ripley, Storer and Colwell. The prior decision and judgment held binding on the plaintiffs in this action the obligation to continue defendants as directors and in control of the management of the corporation. The amendments now sought, in changing the certificate of incorporation and the by-laws, are in direct contravention of the earlier judgment enjoining the present plaintiffs from "breaching or inducing a breach" of the agreement then held valid. Consequently, so long as that finding and that injunction stand, the validity of the agreement may not be attacked on any ground, including that based on *Christal* v. *Petry* (275 App. Div. 550, affd. 301 N. Y. 562), assuming that the case is otherwise applicable. [1 Misc 2d 281.]

■

In the Matter of Louis Tannenbaum et al., Appellants, against John F. O'Connell et al., Individually and Constituting the State Liquor Authority, Respondents, and P & S Wine & Liquor Store, Inc., Intervenor-Respondent.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Cohn, J. P., Callahan, Breitel, Botein and Rabin, JJ. [See 285 App. Div. 1147.]

■

Frank N. Morgenstern v. Morris Cohon.— Motion for leave to appeal to the Court of Appeals or for reargument denied, with $10 costs. Concur — Callahan, J. P., Breitel, Bastow, Botein and Rabin, JJ. [See 285 App. Div. 1124.]

■

The People of the State of New York v. Bernard E. Moore.— Motion for reargument denied. Concur — Peck, P. J., Cohn, Bastow, Botein and Rabin, JJ. [See 285 App. Div. 1139.]