REALTY APPRAISALS Co., Respondent, *v.* ASTOR-BROADWAY
HOLDING CORP., Appellant.

First Department, December 17, 1957.

*William M. Kufeld* of counsel (*Carb, Luria, Glassner & Cook,*
attorneys), for appellant.

*Manuel Weiss* for respondent.

VALENTE, J.  This is an action to recover the agreed value
of services rendered under a written agreement.  The complaint
alleges that defendant — the contract vendee of certain real
property in New York City — employed plaintiff to appraise
the real property and appointed plaintiff as an " agent to
appear before the Tax Commission of the City of New York,
and before any other person or authority having jurisdiction
over the assessment" of the property.  The contract also
authorized plaintiff " to take such steps " as defendant's agent
" as are necessary or proper in order to obtain an adjustment
or reduction in such assessments for the tax year 1955–1956 ".
It is further alleged that in consideration of these services,
defendant agreed to pay a percentage of any " tax saving or

refund " resulting from a reduction in the assessed valuation of the property for that year. Plaintiff claims to have rendered services pursuant to said agreement; alleges that the Tax Commission thereafter reduced the assessment of said property resulting in a refund to defendant; and seeks the agreed percentage of the refund.

Special Term denied a motion by defendant to dismiss the complaint, predicated on the contention that the agreement in suit embraced the rendition of legal services by a person not authorized to practice law and was therefore illegal.

On this appeal, the sole issue is whether that agreement necessarily involves the unauthorized practice of law, and for that reason is, on its face, unenforcible and void.

This court held in *Tanenbaum* v. *Higgins* (190 App. Div. 861, 862) that a corporation which performed services before the commissioners of taxes and assessments of the City of New York under an agreement " to reduce the assessed valuation on premises " was not engaged in the practice of law, or in the rendering or furnishing of legal services so as to preclude recovery for the work performed.

That decision rested mainly on the conclusion that the Tax Commission was an administrative and not a judicial body (see *People ex rel. MacCracken* v. *Miller,* 291 N. Y. 55, 60; *Matter of McMahon* v. *Palmer,* 102 N. Y. 176, 189); and further that the agreement " provided for the rendition of no legal services, nor were legal services in fact rendered." (190 App. Div. 861, 865.)

However, in *People ex rel. Trojan Realty Corp.* v. *Purdy* (174 App. Div. 702) and *People ex rel. Floersheimer* v. *Purdy* (174 App. Div. 694, revd. 221 N. Y. 481), where writs of certiorari were obtained, we held this constituted the performance of actual legal services making the contracts illegal. So, too, in *Tanenbaum* v. *Ross* (188 App. Div. 887) we declared an agreement illegal where it authorized the agent " to take all lawful proceedings to obtain a reduction " because it contemplated that the agent bring legal proceedings.

The Tax Law of the State of New York (Tax Law, § 27), the Charter of the City of New York (§ 163), and the New York City Tax Commission Regulations (art. 3), all contemplate the filing of applications for reduction of assessments and appearance before the commission, and its hearing representatives, by an authorized agent of an aggrieved party. There can be no doubt that an agent of an owner of property, who is familiar with its management and operation, may properly appear on the owner's behalf before the Tax Com-

mission. The instant case poses the question of judicially sanctioning the activities of those whose business it is to represent owners of property in attempts to reduce assessments.

Since agents are permitted by law to appear before the Tax Commission to attempt to reduce assessments, such services are not illegal provided the activities are confined to that limited sphere. However, where the representation entails the performance of legal services, only a duly licensed lawyer should be permitted to act for the owner. The legality of the transaction, therefore, depends upon the nature of the services rendered, or contemplated to be performed, under the agreement of hire.

Bearing in mind the proliferation of administrative tribunals in recent years and the extended scope of their jurisdictions, the courts may have to revise their views as to the propriety of representation before such bodies by persons other than lawyers. The distinction between appearances before administrative and judicial bodies may no longer be a valid or controlling consideration.

Particularly in the field of taxation, this court has recently called attention to the overlapping of the functions of lawyer and accountant (*Matter of New York County Lawyers' Assn.* [*Bercu*], 273 App. Div. 524, affd. 299 N. Y. 728). In that case we alluded to the difficulty of drawing a precise line in tax matters between the fields of the lawyer and accountant. Our decision there declared certain activities as falling within the practice of law which theretofore may not have been considered as constituting such practice. So, too, in connection with reductions in tax assessments we may have to circumscribe the activities of nonlawyers to confine them strictly to services which do not impinge upon the practice of law.

On the record before us, we are unable to hold that the agreement is patently illegal. It may be that on a trial proof will be adduced to show that the engagement of plaintiff as " agent to appear before the Tax Commission of the City of New York, and before any other person or authority having jurisdiction over the assessment " and to take such steps " as are necessary or proper to obtain an adjustment or reduction in such assessments " was intended to comprehend such legal services as would constitute the practice of law. All of the facts and circumstances will have to be developed to show the true intent and purpose of the parties (*Handal* v. *Knepper,* 269 App. Div. 967; *Morgenstern* v. *Cohon,* 285 App. Div. 1124).

The order denying the motion to dismiss the complaint should be affirmed with leave to defendant to plead the illegality

of the agreement as an affirmative defense (see *Morgenstern* v. *Cohon*, 2 N Y 2d 302). Settle order.

PECK, P. J., RABIN, FRANK and McNALLY, JJ., concur.

Order denying motion to dismiss the complaint is affirmed with leave to defendant to plead the illegality of the agreement as an affirmative defense (see *Morgenstern* v. *Cohon*, 2 N Y 2d 302). Settle order.