Foster, J.
This controversy involves an agreement whereby an attorney and accountant agreed to represent the defendant in a Federal income tax matter. The Internal Revenue Service had filed a deficiency tax claim against defendant in the sum of $918,220.96. Through the efforts of the plaintiff, an attorney, and the accountant, a .settlement was made with the Government in the sum of $293,157.08. The plaintiff and the accountant, one Glickman, through the intervention of another attorney, were retained by the defendant under a written agreement providing for a contingent fee of one third of the difference between the amount of the deficiency claim and that of the ultimate determination by the Internal Revenue Service. After the final settlement, the defendant refused to honor the retainer agreement, and thereafter the plaintiff, suing in his own right and as assignee on the claim of Glickman, brought this action, alleging two causes of action, one upon the retainer agreement and the other upon quantum meruit.
*460 After a trial in the Supreme Court, a jury awarded the plaintiff a verdict in the sum of $208,354.69 upon the retainer agreement. By a divided court, the Appellate Division, Second Department, reversed the judgment and dismissed the cause of action on the retainer agreement on the ground that the agreement contemplated legal services by a layman, and that the arrangement between the parties involved illegal fee splitting between a layman and a lawyer (Penal Law, § 276). The order of reversal, however, permitted the plaintiff to pursue his claim based on quantum meruit for services which he alone rendered.
A contract for the rendition of legal services, or the performance of such services, by one not a lawyer, is invalid and the fact that the nonlawyer is to act jointly or along with an attorney will not alter this result. However, we agree with the conclusion reached by the two Justices who dissented in the Appellate Division that the contract here under consideration did not on its face contemplate the rendition of legal services by the accountant. Furthermore, there is proof in this record from which a jury could find not only that (Hickman confined his activities to accountancy procedures and accounting problems, but also that the understanding among the parties when the agreement was made was that (Hickman’s responsibility was in the area of accountancy and that plaintiff’s responsibility, in the field of law, was to represent the defendant in the Tax Court and to deal with the legal problems involved.
An arrangement such as was here arrived at assures the sort of co-operative effort whereby the expertise of both lawyer and accountant in their respective fields may be availed of and is designed to achieve for the client who retained them the best possible result. Indeed, such an arrangement comes close to the ideal setup contemplated by the New York State Bar Association and the New York State Society of Certified Public Accountants acting jointly in 1962. (See Principles Applicable to Legal and Accounting Practice in the Field of Taxation, McKinney’s Cons. Laws of N. Y., Book 29, Judiciary Law, Appendix [1962 Supp.], pp. 300-302.) Thus, in their joint statement, the two associations declared (Principles, loe. cit., p. 300): “In the large areas in the tax field where the legal and accounting aspects are interrelated and overlap, it is often in the public interest that the services of both professions be *461 utilized. Indeed, experience has shown that a lawyer and a certified public accountant working together on behalf of a common client in the tax field constitute a very effective team. When the lawyer and accountant have joined hands in the preparation and presentation of a case before the Internal Revenue Service, the taxpayer is most effectively represented.”
As already indicated, a jury could find from the proof in this record that defendant personally retained both the plaintiff and Glickman to render services in their respective fields. It is of no consequence that their retainer was effected by a single agreement or that their compensation was to be equal or that it was specified in a lump sum contingency percentage, as long as the fee provided for the accountant was to be for accounting services rendered by him, and the fee for the lawyer for legal services which he was to perform. It is only necessary to add, as the dissenters below observed, that the defendant has received a benefit which was “ remarkable, unusual and eminently satisfactory ”, and, since a jury could find that there was no fraud or overreaching on the part of the plaintiff or Glickman, either in the making of the retainer agreement or in the rendition of services, the judgment and order of the Appellate Division should be reversed and a new trial granted.
The judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event.