■ HERALD COMPANY et al., Appellants, v JACK MURRAY, as Public Information Officer of Onondaga County, et al., Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Petitioners, The Herald Company and Sara Gillen, a reporter, made a written request pursuant to the Freedom of Information Law (FOIL) to the respondent, County of Onondaga, for access to "records showing the identities and blood alcohol content of all people (pedestrians, drivers and passengers) involved in alcohol-related traffic fatalities in 1986". This request was denied on the ground that this information is found only in autopsy reports maintained by the Medical Examiner, disclosure of which is prohibited by section 677 (3) (b) of the County Law. Petitioners commenced this CPLR article 78 proceeding to compel respondent to provide access to the requested information. During the pendency of the proceeding before Special Term, petitioners discovered that the results of blood alcohol tests performed by the Medical Examiner are also found on MV-105 forms, which the Medical Examiner submits to the Commissioner of Motor Vehicles, as required by County Law § 677 (5). Petitioners argued that they were entitled to access to these forms.

Special Term denied petitioners' request for access to the autopsy reports, holding that County Law § 677 (3) (b) governs the disclosure of such records and petitioners did not meet the requirements for disclosure under that statute. Special Term further held that the MV-105 forms were subject to disclosure pursuant to a FOIL request, but redacted certain information from the forms, finding that disclosure of this information was limited by certain FOIL exceptions.

We agree that petitioners were not entitled to disclosure of the autopsy reports. Under FOIL, records that have been "specifically exempted from disclosure" by other State statutes need not be made available for public inspection (Public Officers Law § 87 [2] [a]). Autopsy reports, which the Medical Examiner is required to compile and maintain (County Law § 677 [3] [a]) are "open to inspection by the district attorney of the county" and may also be released, upon request, to the personal representative, spouse or next of kin of the deceased (County Law § 677 [3] [b]). Further disclosure must be by court order and only to "any person who is or may be affected in a civil or criminal action by the contents of the record of any investigation, or * * * any person having a substantial interest therein" (County Law § 677 [3] [b]). Petitioners failed to demonstrate that they have a "substantial interest" in the autopsy reports. Although their stated purpose for seeking disclosure, to publish articles on the dangers of drinking and driving, is, on its face, laudatory, it does not outweigh the interest in protecting the privacy of the families of the victims.

Petitioners further argue that even if the autopsy reports themselves are exempt from disclosure, the MV-105 forms, which also contain identifying information about the victims of auto accidents, including the blood alcohol test results, are subject to disclosure under FOIL. We disagree, and modify Special Term's order to deny petitioners' request for access to these forms in its entirety. We hold that disclosure of the MV-105 forms is likewise governed by section 677 (3) (b) of the County Law. The obvious purpose of this section is to protect the *information* found in autopsy reports from public disclosure. If petitioners' arguments were accepted, it would effectively defeat the purpose of the statute. In our view, not only are the autopsy reports exempt from disclosure, but the MV-105 forms, which contain information obtained from the autopsy reports, are likewise exempt *(see, Matter of Newsday, Inc. v Sise,* 71 NY2d 146). (Appeal from order of Supreme Court, Onondaga County, Miller, J.—Freedom of Information

Law.) Present—Dillon, P. J., Callahan, Doerr, Green and Balio, JJ.