In the Matter of PROPERTY VALUATION ANALYSTS, INC., Respondent, v CLARA WILLIAMS, as Assessor of the Town of Ramapo, et al., Appellants. (And Another Related Proceeding.)

Third Department, November 1, 1990

### APPEARANCES OF COUNSEL

*Alan M. Simon (Lawrence Berman* and *Alan Berman* with him on the brief; *Michael L. Klein* of counsel), for appellants.

*Schwartz, Kobb & Scheinert (Joel L. Scheinert* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

Petitioner is a corporation engaged in the business of representing property owners who seek to challenge their real property assessments. Pursuant to the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL), petitioner demanded from respondent Assessor of the Town of Ramapo in Rockland County copies of a computer data management system derived in part from Real Property Transfer Reports, EA-5217 forms (these forms are filed by property owners when a sale is recorded). The request was denied and petitioner commenced a CPLR article 78 proceeding to compel the assessor and the town (hereinafter collectively referred to as respondents I) to provide the requested information. Supreme Court ordered respondents I to either furnish a copy of the computer tape file or permit petitioner to inspect or copy it. Respondents I appeal.

In another related proceeding, petitioner seeks to compel the Assessor to provide copies of approximately 1,000 property cards and to temporarily enjoin respondent Board of Assessment Review (hereinafter Board) from deciding petitioner's clients' review applications until this information is provided. Petitioner is of the view that the Assessor has deliberately failed to furnish the requested documents in an expeditious manner; the property cards were being provided at the rate of approximately 50 per day. The Assessor and the Board (hereinafter collectively referred to as respondents II) asserted in response that petitioner lacked standing to institute this article 78 proceeding because a corporation is prohibited by Judiciary Law § 495 (1) from practicing law; therefore, the

petition should be dismissed. Supreme Court rejected this argument and ordered the Board to postpone the hearings until no sooner than 10 business days after petitioner received all the requested property cards. Respondents II appeal.

■ Both appeals have merit. As to the first appeal, agencies are required to make available to the public all government records except those specifically exempt from disclosure pursuant to State or Federal statute (Public Officers Law § 87 [2] [a]; *see, Matter of Morris v Martin,* 55 NY2d 1026, 1028). In this case, the computer tape file contains information from property cards, which are readily available to the public, as well as from Real Property Transfer Reports. These latter reports, however, are "not [to] be made available for public inspection or copying except for purposes of administrative or judicial review of assessments" (Real Property Tax Law § 574 [5]); no such proceeding had yet been commenced. Although this statute exempts the "form or report", its obvious legislative purpose is to protect the information contained therein from disclosure. For this reason, the computer data management system derived from the exempt forms is similarly protected *(see, Matter of Newsday, Inc. v Sise,* 71 NY2d 146, 152, *cert denied* 486 US 1056; *Herald Co. v Murray,* 136 AD2d 954, 955). Accordingly, Supreme Court erred in directing respondents I to comply with the FOIL request.

In the second appeal, the dispute is not over whether the property cards might be provided, but whether petitioner may commence an article 78 proceeding to suspend the Board's assessment review hearings and to compel the assessor to furnish the cards.

■ While a corporation which is duly authorized in writing may represent an individual before the Board (Real Property Tax Law § 524 [3]; *see, Realty Appraisals Co. v Astor-Broadway Holding Corp.,* 5 AD2d 36, 37; *Tanenbaum v Higgins,* 190 App Div 861), the corporation may not promise to pursue judicial relief in contesting the assessment for that is a service which impinges on the practice of law *(Realty Appraisals Co. v Astor-Broadway Holding Corp., supra; see, People ex rel. Trojan Realty Corp. v Purdy,* 174 App Div 702; *People ex rel. Floersheimer v Purdy,* 174 App Div 694, *revd* 221 NY 481). Because the retainer agreement in this case permitted petitioner "to initiate and cause to be prosecuted claims for any resulting tax refund * * * by administrative proceeding and *judicial review*" (emphasis supplied), they are void *(Realty Appraisals Co. v Astor-Broadway Holding Corp., supra,* at 37, 38; *see,*

*Blumenberg v Neubecker,* 12 NY2d 456, 460; 6 NY Jur 2d, Attorneys at Law, § 44, at 501). As petitioner lacks the requisite written authority to represent the complainants, it has no standing to ask that the assessment hearings, by which it cannot be aggrieved, be postponed until it receives the requested documentation *(see, Matter of Niskayuna Citizens Unfairly Taxed v Christensen,* 134 AD2d 762, 763-764; *cf.,* Real Property Tax Law § 704 [1]; *Matter of Mack v Assessor of Town of Ramapo,* 72 AD2d 604, 605). Even were we to conclude that those portions of petitioner's retainer agreement that contemplated the illegal practice of law were excisable, petitioner still could not institute an article 78 proceeding to stay the hearings *(see, People ex rel. Trojan Realty Corp. v Purdy, supra; compare, People ex rel. Floersheimer v Purdy,* 221 NY 481, 482-483, *supra).*

█ In contrast, however, simply because petitioner does not have the right to act as the authorized representative for its clients before the Board does not mean that it has no right to the information sought. The property cards do not fall within any of FOIL's exemptions *(see,* Public Officers Law § 87 [2]), and respondents II indicate no authority for restricting access solely to property owners. Respondents II would have this court find that because petitioner engaged in the unauthorized practice of law, the doctrine of "unclean hands" *(see generally,* 55 NY Jur 2d, Equity, §§ 117-121, at 547-554) precludes petitioner from bringing an article 78 proceeding to protect rights it holds independent of its status as the property owners' representative. We decline to do so.

The Legislature enacted Judiciary Law § 495 to retain judicial supervision and prevent commercialization of the legal profession *(Matter of Feinstein [Attorney-General of State of N. Y.],* 36 NY2d 199, 204), and to ensure that individuals appearing before judicial tribunals owed loyalty to their clients and not the corporation that hired them *(People v Peoples Trust Co.,* 180 App Div 494, 497-498). To attain this goal, the Legislature authorized the Attorney-General or a Bar association to maintain an action against those who engage in conduct which this statute prohibits (Judiciary Law § 476-a). While it is quite clear that proceedings to review property assessments in New York may not be initiated by one not authorized to practice law *(see, People ex rel. Trojan Realty Corp. v Purdy, supra,* at 709), the fact remains that petitioner has not commenced such a proceeding. There is no reason, therefore, to deny petitioner's application insofar as it seeks to

force the Assessor to meet, at the earliest possible time, petitioner's legitimate FOIL request for property cards, which concededly are available to it as a member of the public.

MAHONEY, P. J., CASEY, MIKOLL and LEVINE, JJ., concur.

Judgment entered September 20, 1989 reversed, on the law, without costs, and petition dismissed.

Judgment entered July 20, 1989 modified, on the law, without costs, by reversing so much thereof as (1) directed respondent Board of Assessment Review of the Town of Ramapo to notify petitioner of and conduct assessment hearings no sooner than 10 days after petitioner received all requested property cards, and ordered said respondent to entitle petitioner to make a presentation with respect to each of its clients' properties, and, as so modified, affirmed.