■ In the Matter of HAROLD CIPOLLONE, Respondent-Appellant, v CITY OF WHITE PLAINS, Appellant-Respondent, and MATTHEW CROSSON, Intervenor-Respondent. (Proceeding No. 1.) In the Matter of DORA ROSEN, Respondent-Appellant, v CITY OF WHITE PLAINS, Appellant-Respondent, and MATTHEW CROSSON, Intervenor-Respondent. (Proceeding No. 2.) In the Matter of JONATHAN AMES et al., Respondents, v CITY OF WHITE PLAINS, Appellant, and MATTHEW CROSSON, Intervenor-Respondent. (Proceeding No. 3.)—In three related tax certiorari proceedings to review real property tax assessments under RPTL, article 7, title 1-A, the City of White Plains appeals from an order of the Supreme Court, Westchester County (Ingrassia, J.), entered June 28, 1991, which, *inter alia,* denied those branches of its motions which were to dismiss the proceedings on the ground that the representation of property owners by non-attorneys rendered the petitions void. Harold Cipollone, by his representative Municipal Information Services, and Dora Rosen, by her representative GMS Associates, Inc., separately cross-appeal from so much of the order as granted the branch of the motions which was to dismiss petitions filed in 1991 bearing authorizations dated 1990.

Ordered that the cross appeal by Harold Cipollone, by his representative Municipal Information Services, is dismissed, for failure to perfect the cross appeal in accordance with the rules of this court *(see,* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as appealed and

cross-appealed from by Dora Rosen, without costs or disbursements.

Although the Small Claims Assessment Review procedure in RPTL, article 7, title 1-A, designated a "judicial review" process in the statute, we look to the nature of the proceeding and the representation required in order to determine if non-attorneys may properly act on behalf of petitioners in such proceedings (see, Realty Appraisals Co. v Astor-Broadway Holding Corp., 5 AD2d 36, 38). We conclude that the court correctly determined that representation by non-attorneys was permitted. The informal nature of the hearing, the specialized nature of the expertise required, and the clear authorization in the statute for non-attorney preparation of the initiating petition, all support this conclusion. In addition, such representation furthers the intent of the Legislature to establish a specialized and efficient forum for residential assessment disputes.

We decline to follow Matter of Property Valuation Analysts v Williams (164 AD2d 131) to the extent that it is inconsistent with this holding. The statement in that case that proceedings to review real property assessments must be initiated by an attorney is dicta, is not controlling, and did not address the Small Claims Assessment Review procedure. Indeed, the precedent cited for this proposition predates RPTL, article 7, title 1-A by more than half a century.

We have considered the parties' remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Lawrence and Santucci, JJ., concur.