OPINION OF THE COURT
Mary M. Werner, J.
This motion by respondents Board of Assessors of the Town of Riverhead and the Board of Assessment Review for an order dismissing the small claims assessment review petitions identified in the motion is decided as follows:
Petitioners all filed small claims assessment review petitions pursuant to Real Property Tax Law § 729 et seq. after their complaints to the Board of Assessment Review (the Board) were dismissed. Respondents argue that since petitioners’ failure to comply with the Board’s request for additional information resulted in dismissal of the complaints, these small claims assessment review petitions should be dismissed. For the reasons set forth below, the motion is granted.
First, the court dismisses the argument that this court is without jurisdiction to hear these motions. As stated by Justice Ingrassia in Cippolone v City of White Plains (NYLJ, July 8, 1991, at 27, cols 2, 3, affd sub nom. Matter of Cipollone v City of White Plains, 181 AD2d 887 [2d Dept 1992]), "[t]he Supreme Court has general original jurisdiction in law and equity (New York Constitution, Article VI, Section 7) and, as a court of record, has the power 'to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it’ (Judiciary Law section 2-b [3]). SCAR proceedings are brought in the Supreme Court, and the issues raised herein are important and [subject to] appellate review.”
This court, then, as did Justice Ingrassia, will address the merits of this motion in "the exercise of the inherent powers of the Court and in the absence of any specific prohibition. (Matter of AT&T Information Systems v. Donohue, 113 AD2d *705 395, 400.)” (Cippolone v City of White Plains, supra, at 27, col 3.)
In order to bring a small claims assessment review proceeding pursuant to RPTL 729 et seq., the property owner must have first filed a complaint with the Board of Assessment Review. (RPTL 730 [1] [a].) The provisions governing the complaint process before the Board are set forth at RPTL 522 et seq. More specifically, the provisions concerning the hearing and determination of complaints are set forth at RPTL 525 which provides in pertinent part: "On the date required by law, the board of assessment review shall meet to hear complaints in relation to assessments. At such meeting, the board of assessment review may administer oaths, take testimony and hear proofs in regard to any complaint and the assessment to which it relates. If not satisfied that such assessment is excessive, unequal or unlawful, or that real property is misclassified, the board may require the person whose real property is assessed, or his [or her] agent or representative, or any other person, to appear before the board and be examined concerning such complaint, and to produce any papers relating to such assessment. If the person whose real property is assessed, or his [or her] agent or representative, shall willfully neglect or refuse to attend and be so examined, or to answer any question put to him [or her] relevant to [such] complaint or assessment, such person shall not be entitled to any reduction of the assessment subject to the complaint” (RPTL 525 [2] [a]).
Here petitioners all properly and timely served complaints upon the Board of Assessment Review in accordance with RPTL 524. However, according to respondents, petitioners failed to comply with the Board’s request for additional documentation pursuant to RPTL 525 which was mailed on May 24, 1994. By letter dated July 1, 1994, petitioners were notified that their complaints were dismissed. The Board informed said petitioners that "[t]he Board of Assessment Review has refused to consider your complaint because you negligently or willfully failed to provide any papers, documents or other information as requested.”
While the dismissal letter specifically refers petitioner to RPTL article 7 if they wish to seek judicial review of their assessment and to title 1-A of article 7, to seek small claim assessment review, respondents now claim the dismissal of the complaints, as opposed to a mere denial of the claim, should bar these proceedings. The court agrees.
*706 By enacting RPTL 522 et seq. and RPTL 729 et seq., the State Legislature clearly structured a two-step procedure for challenging small claims assessments. By requiring petitioners to comply with a complaint procedure prior to finalization of the tax roll, the Town is able to correct unequal, illegal or excessive assessment without the need for a legal challenge. However, in this court’s view, simply filing a complaint and virtually ignoring the requests for information by the Board which they are required to provide by law is an attempt to bypass the complaint process and thus defeats the purpose of the law and is insufficient to satisfy the statutory prerequisites for small claims assessment review.
With respect to petitioner Stephen Tooker, counsel argues that said petitioner complied with the Board’s request. However, while Tooker’s representative, Property Tax Reductions, Inc., indicates a comparable sale, and claims there are no recent appraisals, no construction costs for improvements and no listing of the property within the past year, petitioner ignored the Board’s request for three comparable tax assessments in the area, copy of the homeowner’s insurance policy or a copy of the mortgage agreement. Under these circumstances, the Board properly dismissed this complaint.
Tax Correction Agency, Inc., represents numerous petitioners in this matter. Which petitioners it represents has not been made known to the court. Tax Correction Agency claims to have provided the Board with all available papers requested. However, by comparing the map-section-block-lot numbers, it is clear that none of the sales comparison analysis sheets annexed to the affirmation counsel relates to any of the petitioner’s property. Apparently where Tax Correction Agency did provide such information, the complaints were not dismissed and therefore, not a subject of this motion to dismiss. Since Tax Correction has failed to show it complied with the Board’s request for information with respect to the petitioners listed in the motion, the Board properly dismissed said complaints.
With respect to those petitioners represented by T.R.S., Inc., no evidence has been presented to indicate that any attempt was made to comply with the Board’s request and accordingly, the dismissal by the Board was appropriate.
Counsel’s argument that the Board’s letter to T.R.S., dated July 1, 1994, stating the complaints are dismissed because you have "negligently or wilfully failed to provide any papers” *707 cannot support a dismissal because the standard is incorrect is without merit. In fact, dismissal of SCAR petitions based upon this precise standard was recently upheld in Matter of Campbell (NYLJ, Oct. 25, 1993, at 26, col 6).
Similarly without merit is counsel’s arguments that the Board’s demand for documents without a hearing precludes dismissal. This court agrees that the " 'failure of the petitioners to produce documents specifically requested by the bar, or to explain their absence, is tantamount to failing to appear before the bar in response to their specific demand for an appearance’.” (Matter of Campbell, NYLJ, Oct. 25, 1993, at 26, col 6, at 27, col 1, supra.) The remaining petitioners have failed to answer the motion.
Since the court finds that the Board properly dismissed the subject petitions, and further that under the circumstances such dismissal precludes the commencement of a small claims assessment review proceeding, the motion is granted.