■ MARK L. TAFF, Appellant, v COUNTY OF NASSAU et al., Respondents. [631 NYS2d 921] —In an action to recover damages, *inter alia,* for violation of constitutional rights, intentional interference with business relationships, and prima facie tort, the plaintiff appeals from an order of the Supreme Court, Nassau County (Saladino, J.), dated December 10, 1993, which granted the defendants' motion, among other things, for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff, a pathologist formerly employed by the Nassau County Medical Examiner's Office, commenced this action against the County of Nassau and Chief Medical Examiner Leslie Lukash alleging that the defendants had prevented him from publishing articles in scholarly journals and thereby damaged his reputation and ability to earn a living. At issue were certain letters sent by the County Attorney to both the plaintiff and his publisher, informing them that published articles written by the plaintiff had made unauthorized use of confidential records from the Medical Examiner's files.

The plaintiff's contention that his use of records relating to autopsies performed by him in preparing articles for publication in scholarly journals was not subject to the requirements of County Law § 677 (3) (b), as well as the similar provisions of Nassau County Charter § 906 (4), is unavailing. County Law § 677 (3) (b) plainly provides that only the District Attorney and close relatives of the decedent may obtain records as of right, whereas all others must secure court permission before records are released *(see, Matter of Diaz v Lukash,* 82 NY2d 211, 216-217; *see also, Matter of Central Gen. Hosp. v Lukash,* 140 AD2d 113, *affd* 74 NY2d 619; *Herald Co. v Murray,* 136 AD2d 954, 955).

The Supreme Court properly found that the plaintiff's conclusory allegations were insufficient to establish a triable issue of fact. In contrast, the defendants presented evidence that the

policy of the Medical Examiner's Office had been to prohibit individual pathologists from retaining copies of records relating to autopsies they performed, and although all pathologists, including the plaintiff, had been so advised, he had nonetheless refused to comply.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Copertino, Santucci and Joy, JJ., concur.