■ ROBERT L. SCOPELLITI, Appellant, v TOWN OF NEW CASTLE et al., Respondents. [653 NYS2d 29] —In an action to recover damages and for injunctive relief arising out of the defendants' failure to approve a stipend in addition to the plaintiff's salary for the years 1994 and 1995, the plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered December 6, 1995, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, the Town Assessor of the Town of New Castle, contends that the requirement that he represent the Town in Small Claims Assessment Review (hereinafter SCAR) proceedings constitutes out-of-title work in violation of Civil Service Law § 61 (2) and the improper practice of law. As a Town officer, however, the plaintiff is not subject to Civil Service Law § 61 (2) *(see,* Town Law § 20 [5]; *Matter of Cathy v Prober,* 195 AD2d 999). The plaintiff's argument that his representation of the Town in SCAR proceedings is an illegal practice of law entitling him to additional pay is meritless on its face. In any event, such representation does not constitute the illegal practice of law *(see, Matter of Cipollone v City of White Plains,* 181 AD2d 887). Thus, the defendants were properly granted summary judgment.

The plaintiff's remaining contentions are without merit. Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.