■ ROBERT L. SCOPELLITI, Appellant, v TOWN OF NEW CASTLE et al., Respondents. [668 NYS2d 909] —In an appeal by the plaintiff from stated portions of an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 7, 1996, which was determined by decision and order of this Court dated October 27, 1997, counsel for the respective parties were directed to show cause why an order should not be made and entered imposing such sanctions and costs, if any, against the plaintiff and his counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court might deem appropriate.

On the Court's own motion and on the papers filed in opposition or relation thereto, it is

Ordered that within 20 days after service upon him of a copy of this decision and order with notice of entry, the attorney for the appellant, John W. Whittlesey, is directed to personally pay costs in the amount of $2,434.60 to the law firm of Lester Schwab Katz & Dwyer, the attorney for the respondents; and it is further,

Ordered that the Clerk of the Supreme Court, Westchester County, shall enter judgment accordingly (*see,* 22 NYCRR 130-1.2).

The appellant's attorney contends that he perfected the instant appeal, raising the same arguments which had been rejected previously by this Court in a decision and order dated January 21, 1997, determining a prior appeal (*see, Scopelliti v Town of New Castle,* 235 AD2d 469), in order to obtain reconsideration of this Court's prior decision and order, and to obtain rulings on matters which he felt had been left undecided by the prior decision and order. However, his brief on appeal made no mention of the prior decision and order, and he filed nearly identical appellate briefs in both actions. Accordingly, his contention that he was seeking reconsideration of the prior decision and order is disingenuous.

We find that the conduct of the appellant's attorney in raising the same arguments previously raised by him and rejected by this Court, without an explanation or intimation that he was requesting reconsideration, was completely without merit in law or fact (*see,* 22 NYCRR 130-1.1 [c] [1]), and we award the respondents' attorney $2,434.60, representing the reasonable costs of defending the appeal. Miller, J. P., Pizzuto, Altman and Goldstein, JJ., concur.