■ In the Matter of GEORGE BARTHEL et al., Appellants, v TOWN OF HURLEY et al., Respondents. (Proceeding No. 1.) In the Matter of BLANCHE R. ABRAMOV et al., Appellants, v BOARD OF ASSESSORS OF THE TOWN OF HURLEY et al., Respondents. (Proceeding No. 2.) [739 NYS2d 771] —Mercure, J. Appeals (1) from an order of the Supreme Court (Bradley, J.), entered May 9, 2001 in Ulster County, which, in proceeding No. 1 pursuant to RPTL article 7, granted respondents' motion to dismiss the petition, and (2) from an order of said court, entered October 30, 2001 in Ulster County, which, inter alia, in proceeding No. 2 pursuant to RPTL article 7, granted respondents' cross motion to dismiss the petition.

In these joined proceedings, the owners of a number of parcels of real property in the Town of Hurley, Ulster County, challenge their tax assessments for 1997 (proceeding No. 2, involving 86 parcels) and 1998 (proceeding No. 1, involving 18 parcels). In each case, petitioner Andrew Peck, a real estate broker in Ulster County, acts as agent for petitioners under the terms of written "[t]ax reduction representation" agreements. In those agreements, Peck is designated as the landowner's authorized agent and representative "to act in any

and all negotiations and/or proceedings" before the Tax Assessor or respondent Board of Assessors of the Town of Hurley and "in any and all proceedings commenced or to be commenced in the Supreme Court * * * for review of the assessment on the * * * real property and to verify and file a petition or petitions and to commence a proceeding or proceedings." Finally, the agreements provide that the landowner will pay a fee only if the tax assessment is reduced, in which case the fee will be equal to a percentage of the first year's tax savings and, if a second grievance or tax certiorari proceeding is required, a lesser percentage of the second year's tax savings.

In each of the tax years at issue here, Peck filed complaints with the Board of Assessors seeking reductions of the tax assessments, which complaints were dismissed or denied. Peck then commenced these proceedings, utilizing the services of an attorney retained by him. In 2000, respondents moved, first in proceeding No. 1 and thereafter in proceeding No. 2, to dismiss the petitions on the ground that Peck's acquisition of the authority to institute judicial proceedings on behalf of the landowners constituted champertous conduct in violation of Judiciary Law § 489 or the unauthorized practice of law or, alternatively, for an order severing the individual causes of action asserted on behalf of the many landowners and requiring each petitioner to purchase a separate index number and file a separate note of issue pursuant to 22 NYCRR 202.59 (d) (2). Concluding that petitioners improperly failed to file separate notes of issue for each of the subject properties, the individual petitioners' claims were improperly joined, and the agency agreements between Peck and the individual petitioners were champertous and, therefore, void, Supreme Court granted respondents' motions and dismissed the petition in each proceeding. Petitioners appeal.

Initially, we note our disagreement with Supreme Court's conclusion that the agreements between Peck and the individual petitioners are champertous as a matter of law. Fundamentally, "in order to constitute champertous conduct in the acquisition of rights * * * the foundational intent to sue on [the claim acquired] must at least have been the primary purpose for, if not the sole motivation behind, entering into the transaction" (Bluebird Partners v First Fid. Bank, 94 NY2d 726, 736). In this case, Peck's fairly obvious purpose was to bring about a reduction in the contracting parties' real property tax assessments by any available means, including negotiation, administrative review and, as a last resort, judicial review. In view of the fact that obtaining a tax assessment

reduction through negotiation or administrative review could be accomplished without incurring legal expense, it was very much in Peck's interest to do that. Certainly, on the present record, it cannot be stated as a matter of law that the acquisition of petitioners' claims was "made with the intent and for *the* purpose * * * of bringing an action or proceeding" (*id.* at 736 [emphasis in original]).

That is not to say, however, that the "tax reduction representation" agreements between Peck and the many landowners are not void. Although Peck was authorized to represent the landowners before the Board of Assessors (RPTL 524 [3]), he could not agree to pursue judicial relief in contesting the assessment, a service that "impinges on the practice of law" (*Matter of Property Valuation Analysts v Williams*, 164 AD2d 131, 134; *see, Realty Appraisals Co. v Astor-Broadway Holding Corp.*, 5 AD2d 36, 37; *People ex rel. Trojan Realty Corp. v Purdy*, 174 App Div 702; *see also, People ex rel. Floersheimer v Purdy*, 221 NY 481, *revg* 174 App Div 694). Because the agreements in this matter authorized Peck "to act as [the landowners'] authorized agent and representative in any and all proceedings commenced or to be commenced in the Supreme Court * * * for review of the assessment on the * * * real property and to verify and file a petition or petitions and to commence a proceeding or proceedings," they are void (*see, Matter of Property Valuation Analysts v Williams*, *supra* at 134; *Realty Appraisals Co. v Astor-Broadway Holding Corp.*, *supra* at 37; *see also, Blumenberg v Neubecker*, 12 NY2d 456, 460; 6A NY Jur 2d, Attorneys at Law § 50, at 490).

That conclusion is unaffected by the fact that Peck retained counsel to prosecute the tax certiorari proceedings, as the attorney hired and paid by him can be considered to be under his "domination and control" (*People ex rel. Trojan Realty Corp. v Purdy*, *supra* at 707). In view of the fact that Peck lacked authority to institute these proceedings on behalf of the affected landowners, we conclude that Supreme Court did not err in dismissing the petitions of all petitioners other than Peck (*see, Matter of Property Valuation Analysts v Williams*, *supra* at 135; *People ex rel. Trojan Realty Corp. v Purdy*, *supra* at 709). *People ex rel. Floersheimer v Purdy* (*supra*), which involved only one taxpayer who ratified the employment of the attorney and formally retained him in the matter a year before the proceeding came on for a hearing, does not require a contrary result. Peck, who is a petitioner in proceeding No. 1, was of course authorized to bring the proceeding on his own behalf with respect to his own property, and his petition will therefore not be dismissed to that extent.

The parties' remaining contentions either need not be considered or have been considered and found to be unavailing.

Cardona, P.J., Spain and Carpinello, JJ., concur. Ordered that the order entered May 9, 2001 is modified, on the law, without costs, by reversing so much thereof as granted respondents' motion dismissing the petition of petitioner Andrew Peck; motion denied to that extent and petition of said petitioner reinstated to the extent that he may proceed with respect to his own property; and, as so modified, affirmed. Ordered that the order entered October 30, 2001 is affirmed, without costs.