Aventine Properties, LLC, Respondent, 


v

Louis Branchinelli, Appellant.

Fiscella & Associates, P.C. (James B. Fiscella of counsel), for appellant.
Law Office of Bruce E. Barnes (Bryan D. Barnes of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Ignatius L. Muscarella, J.), dated July 20, 2017. The order, insofar as appealed from as limited by the brief, granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
The parties entered into an agreement, pursuant to which defendant retained plaintiff to obtain a property tax reduction on premises defendant owned. Plaintiff thereafter represented defendant at a Small Claims Assessment Review (SCAR) proceeding and obtained a tax reduction on the premises. Defendant subsequently failed to pay plaintiff's bill for the services rendered. In this action, plaintiff seeks to recover the principal sum of $6,688.72, based on defendant's alleged breach of contract.
Following the joinder of issue, plaintiff moved for summary judgment. Defendant opposed plaintiff's motion and cross-moved for, among other things, summary judgment dismissing the complaint, arguing, insofar as is relevant to this appeal, that, because the retainer agreement included language whereunder plaintiff, which is not composed of attorneys, could potentially have represented defendant in a judicial tribunal where representation by a nonattorney is prohibited, the retainer agreement was void and unenforceable in its entirety. Insofar as is relevant to this appeal, the District Court granted plaintiff's motion and denied the branch of defendant's cross motion seeking summary judgment dismissing the complaint. This appeal ensued.
The parties' retainer agreement provided, in part:
"3) Client is retaining the Agent and the Agent agrees to prepare the client's case, file all necessary papers for the Board of Assessment Review or the Assessment Review Commission and Small Claims Assessment Review proceedings and represent the client at those proceedings or before the Town Assessor to negotiate a settlement. Client fully authorizes Agent to fully negotiate any settlement(s).
. . .
10) Any part of this contract that is deemed unlawful does not void the remaining parts of this contract.
. . .
DESIGNATION OF REPRESENTATIVE:
Client as petitioner(s) (or officer thereof) hereby designate Aventine Properties LLC to act as my sole representative in any and all proceedings before the Board of Assessment Review and/or Small Claims assessment review of the Supreme Court, and any other proceeding pursuant to New York State Property Tax Law for the purpose of reviewing the Assessment of my real property as it appears on the most recent assessment role of any assessing unit for my property . . . ." (emphasis added).
Where an agreement consists of a legal and an illegal component, a court may sever the illegal component and enforce the legal one, so long as the illegal aspects of the agreement are merely incidental to the legal aspects and are not the main objectives of the agreement (see Lanza v Carbone, 130 AD3d 689, 692 [2015]; see also Gover v Savyon, 111 AD3d 887, 888 [2013]; Donnell v Stogel, 161 AD2d 93, 97 [1990]). "Courts will be particularly ready to sever the illegal components and enforce the other components of a contract where the injured party is less culpable and the other party would otherwise be unjustly enriched by using his own misconduct as a shield against otherwise legitimate claims" (Artache v Goldin, 133 AD2d 596, 599 [1987]). The issue of severability turns also on the "question of intention, to be determined from the language employed by the parties" (Christian v Christian, 42 NY2d 63, 73 [1977] [a separation agreement which included a legally unenforceable provision and a severability clause was enforceable as to the remaining legal provisions, based on the parties' intention as expressed in the language of the agreement]; cf. Realty Appraisals Co. v Astor-Broadway Holding Corp., 5 AD2d 36, 38 [1957] [where the nonattorney plaintiff was hired to obtain a property tax reduction and the parties' agreement, which did not explicitly limit the plaintiff's services to those allowed by nonattorneys, a determination of the true intent and purpose of the parties was required]).
Plaintiff, a tax reduction service, is qualified to represent property owners challenging their property tax assessments pursuant to the SCAR procedure referenced in paragraph 3 of the agreement (see Matter of Cipollone v City of White Plains, 181 AD2d 887, 888 [1992]; see also RPTL Title 1-A; Uniform Rules for Trial Cts [22 NYCRR] § 202.58), but is prohibited from representing defendant in any other judicial proceeding (see Judiciary Law §§ 478, 484, 495). Consequently, the language of the retainer agreement, which permitted plaintiff to represent defendant in "any other proceeding pursuant to New York State Property Tax Law" is overly broad. The sole issue presented on this appeal is whether, as defendant contends, the inclusion of such overly broad language renders the entire retainer agreement unenforceable, or whether the District Court properly severed such language and, upon such severance, awarded judgment in [*2]favor of plaintiff, as there had been no court proceeding in the SCAR case beyond the SCAR procedure.
The fundamental, lawful, objective of the retainer agreement was for plaintiff to procure a tax assessment reduction on the premises by filing all necessary papers and representing plaintiff at town assessment proceedings, in settlement negotiations with the Town Assessor, and in SCAR proceedings. The language which would have permitted plaintiff to represent defendant in other judicial proceedings where plaintiff was prohibited from appearing was, we find, merely incidental to the main objective of the retainer agreement. Moreover, the severability provision in the retainer agreement expressed the parties' intention that, in the event any provision was unlawful, it be severed. The severance of the unlawful provision did not impair or affect the legality or enforceability of the remaining provisions of the retainer agreement (see Polar Bear Mech., Inc. v Walison Corp., 56 Misc 3d 129[A], 2017 NY Slip Op 50848[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
Contrary to defendant's assertion, Matter of Barthel v Town of Hurley (292 AD2d 754 [2002]) is not controlling here, since, in that action, the landowners' nonattorney agent not only agreed to act, but had actually acted, as the landowners' agent in tax certiorari proceedings at which representation by a nonattorney is prohibited.
We therefore conclude that the District Court did not improvidently exercise its discretion in applying the severability clause of the agreement to sever the illegal language and, upon such severance, granting plaintiff's motion and denying defendant's cross motion.
Accordingly, the order, insofar as appealed from, is affirmed.
ADAMS, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 07, 2019