(December 19, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v GERALD J. PERKINS, Defendant.—Application for disclosure of juror information pursuant to Judiciary Law § 509 (a).

This application arises out of a criminal case pending in the Village Court of the Village of Trumansburg, Tompkins

County. Several weeks prior to the scheduled trial date, defendant's attorney requested the Village Justice to provide him with a list of the names of those individuals who had been selected by the court as potential trial jurors. The Village Justice denied this request on the ground that such information was confidential pursuant to Judiciary Law § 509 (a) as construed by the recent holding of the Second Department in *Matter of Newsday, Inc. v Sise* (120 AD2d 8).

Counsel now applies to this court for disclosure of the names of the potential jurors in accordance with the last sentence of Judiciary Law § 509 (a) which states: "Such [juror qualification] questionnaires and records shall be considered confidential and shall not be disclosed except to the county jury board or as permitted by the appellate division."

In support of his request, counsel explains that he seeks the identities of prospective jurors as part of his trial preparation and in order to enable him to investigate their "biases, impartiality, prejudices, mental competence, and any other factors which might cause less than a fair trial for my client." Furthermore, counsel submits that his request implicates his client's right to a fair trial and that, unlike the petitioner in *Matter of Newsday,* his only purpose in seeking this information is "to enable me to aid my client in his defense to the best of my ability." Finally, counsel notes that in the past he has always been able to obtain and utilize the juror list in question.

Although a copy of this application was served on the District Attorney and Village Justice, neither has submitted responsive papers.

In *Matter of Newsday, Inc. v Sise (supra),* pp 14-15, the Second Department clearly held that a juror's name and address, being information contained in or derived from the juror's qualification questionnaire, constitutes information which is made confidential by Judiciary Law § 509 (a). Since jurors' names and addresses were found to enjoy such protection, the court affirmed the dismissal of Newsday's Freedom of Information Law (FOIL) request and concluded that disclosure could only be obtained in the manner indicated by Judiciary Law § 509 (a), namely, application to the Appellate Division *(supra,* at p 15).

We agree with the reasoning of *Matter of Newsday* that jurors' names and addresses, which appear on the juror qualification questionnaire, are afforded confidentiality by Judiciary Law § 509 (a) *(see also, Matter of Herald Co. v Roy,* 107

AD2d 515, *appeal dismissed* 65 NY2d 922). We further conclude that the instant application, which seeks disclosure in accordance with the statute, should be granted since it appears the information is sought by an attorney for a defendant in a criminal matter as part of counsel's trial preparation and for the valid purpose of advancing his client's right to a fair and impartial jury trial. Moreover, there is no indication whatsoever that the privacy interests sought to be protected by the statute will be compromised if relief is granted in this case.

Finally, we are constrained to point out that the provision in Judiciary Law § 509 (a), which has now been construed as requiring an attorney for a party who seeks a copy of the list of prospective jurors to apply to the Appellate Division, would seem to be overly burdensome and an ill-advised utilization of judicial resources considering the number of such applications which may now be made. We therefore would strongly urge legislative scrutiny of this provision with consideration being given to authorizing the Trial Judge to grant such requests by counsel.

Application granted and it is directed that counsel for defendant receive a list of the names of prospective jurors selected for the trial of this matter in the Village Court of the Village of Trumansburg, Tompkins County. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.