*149 OPINION OF THE COURT
Hancock, Jr., J
Under the Freedom of Information Law (FOIL) records which have been "specifically exempted from disclosure” by other State or Federal statutes need not be made available for public inspection (Public Officers Law § 87 [2] [a]). Judiciary Law § 509 (a) provides that the Commissioner of Jurors shall determine the qualifications of prospective jurors based, among other things, on information contained in the juror qualification questionnaires and that "[s]uch questionnaires * * * shall not be disclosed except to the county jury board or as permitted by the appellate division.” The issue here is whether records containing the names and addresses of jurors obtained from such questionnaires are within the exemption from disclosure under Judiciary Law § 509 (a). For the following reasons, we hold that they are.
I
Petitioner, Newsday, Inc., is the publisher of a daily newspaper. During June and July 1984, it ran a series of articles covering the highly publicized William Patterson murder trial. During the trial Newsday made both an oral and a written request to respondent Hennessey, the Commissioner of Jurors of Suffolk County, that he provide the names and addresses of the jurors who had been selected to sit on the Patterson trial. The Commissioner refused both requests on the advice of counsel for the Office of Court Administration (OCA) that such information was outside of the scope of FOIL because it was specifically exempted from disclosure by Judiciary Law § 509 (a).
A mistrial was granted in the Patterson trial when the jury was unable to reach a verdict. Newsday then filed another request for the jurors’ names and home addresses, noting that it did not seek disclosure of the juror qualification questionnaires themselves, which it admitted were exempt from disclosure under FOIL, but other records maintained by the Commissioner containing the names and addresses of the jurors chosen to serve on the first Patterson trial. Newsday’s request was forwarded to counsel for OCA who advised that it should be denied on, among other grounds, the specific exemption *150 from FOIL disclosure created by the confidentiality provision in Judiciary Law § 509 (a).[1]
Upon the Commissioner’s refusal to provide access to the records, Newsday commenced this CPLR article 78 proceeding to compel disclosure of them. In its petition, Newsday contended it had the right to inspect these records under FOIL, under the common-law right of access to judicial records, and under the First Amendment right of access to criminal trials. Supreme Court held that Judiciary Law § 509 (a) exempts such records from disclosure and dismissed the petition without prejudice to renewal on a separate application for a court order for disclosure pursuant to Judiciary Law § 509 (a).[2] The Appellate Division unanimously affirmed stating that the statute "renders confidential all records used in or generated by the juror selection process” (120 AD2d, at 12) — not merely the juror qualification questionnaires — and that to hold otherwise would defeat the statute’s underlying purpose. We granted leave to appeal and now affirm the order of the Appellate Division.
II
The Legislature enacted FOIL to provide the public with a means of access to governmental records in order to encourage public awareness and understanding of and participation in government and to discourage official secrecy (see, Public Officers Law § 84; Matter of Capital Newspapers v Whalen, 69 NY2d 246, 252; Matter of Fink v Lefkowitz, 47 NY2d 567, 571). To achieve this purpose, we have held "that FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government” (Matter of Capital Newspapers v Whalen, supra, at 252; see, Matter of Scott, Sardano & Pomeranz v Records Access Officer, 65 NY2d 294, 296-297; Matter of *151 Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 564). Here, respondents rely on the exception which allows denial of access to records which are "specifically exempted from disclosure” by statute (Public Officers Law § 87 [2] [a]).
Petitioner, while conceding that Judiciary Law § 509 (a)[3] could, in a proper case, provide a specific exemption from FOIL disclosure under Public Officers Law § 87 (2) (a), argues that the exemption is limited to the questionnaires themselves, and that Judiciary Law § 509 (a) does not cover records derived from or containing the information included in the questionnaires. Thus, the question before us involves only the interpretation of Judiciary Law § 509 (a) and the reach of its provision for confidentiality. If a record is within the confidentiality provision of Judiciary Law § 509 (a) it is necessarily exempt under FOIL.
Ill
Judiciary Law § 500 states that it is this State’s policy to provide all litigants with the right to trial by a jury randomly selected from a fair cross-section of the community. In order to achieve this goal, Judiciary Law article 16 creates a detailed procedure for selection of jurors which necessitates, among other things, that the Commissioner of Jurors be made privy to details of jurors’ personal lives obtained through the juror qualification questionnaires (see, Judiciary Law § 509 [a]; § 513; People v Guzman, 60 NY2d 403, 414-415). Recognizing that many prospective jurors would be averse to having these details made public and that disclosure could result in harassment of jurors or attempts at retribution or intimidation, the Legislature has provided that the questionnaires be kept confidential and exempt from disclosure except upon an application made pursuant to Judiciary Law § 509 (a).
*152 While Judiciary Law § 509 (a) refers only to the juror qualification questionnaires, its obvious purpose is to provide a cloak of confidentiality for the information which the questionnaires contain. It is the knowledge about the jurors — the private details obtained from the questionnaires concerning their spouses’ names, the names and ages of their children, their home telephone numbers, occupations, educational backgrounds, and criminal records, if any — which the statute is designed to protect from public disclosure (see, Matter of Herald Co. v Roy, 107 AD2d 515, 520; see also, People v Perkins, 125 AD2d 816, 817-818). Petitioner’s interpretation— that the statute exempts from disclosure only the actual questionnaires — could not have been intended. It is the information from the questionnaires, not the forms themselves which, if made public, could invade the jurors’ privacy interests or threaten their safety and that information, therefore was made confidential. Because petitioner’s proposed construction would defeat the very purpose of the statute and render it ineffective it must be rejected (see, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 92, 96, 144). We hold, then, that Judiciary Law § 509 (a) shields from disclosure not only the juror qualification questionnaires but also those portions of other records containing information obtained from the questionnaires.
Petitioner contends that even if Judiciary Law § 509 (a) is read to protect records derived or containing information from the juror qualification questionnaires, the statute should not be construed to protect the information sought here — the jurors’ names and addresses — because release of such information would not invade the jurors’ privacy interests or threaten their safety. The statute, itself, when read in the light of what we find to be its underlying purpose shows the argument to be without merit. In enacting Judiciary Law § 509 (a), the Legislature exempted all information contained in the questionnaires regardless of its nature and the possible effect on privacy or safety interests which disclosure might cause. The Legislature has permitted an application for a court order, upon a proper showing, that particular information contained in the questionnaires should be made public. To what extent disclosure of specified information might affect jurors’ privacy and safety interests is a factor that the court must balance against the interests favoring disclosure in determining whether to grant a Judiciary Law § 509 (a) application (see, People v Guzman, supra, at 415). Such considerations, how *153 ever, are not relevant to the legal questions here: the interpretation of Judiciary Law § 509 (a) and the meaning and effect to be given its confidentiality provision.
Finally, petitioner argues that because the names and addresses have already been made public during voir dire, granting their release in this petition could result in no further invasion of their privacy interests. From the record, however, it clearly appears that, in voir dire, the home addresses of the jurors were not disclosed — only the general area where they lived (see also, Matter of Herald Co. v Roy, 107 AD2d 515, 518, supra). Moreover, that some of the information sought may have been orally revealed during the jury selection process, cannot alter the effect of Judiciary Law § 509 (a) in categorically prohibiting the public disclosure of any records containing information obtained from the juror questionnaires.[4]
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Simons, Kaye, Alexander and Titone concur; Chief Judge Wachtler and Judge Bellacosa taking no part.
Order affirmed, with costs.

. The Commissioner also cited the following three reasons for denying petitioner’s request: (1) the records of the Commissioner of Jurors involving juror names and addresses are court records (see, Public Officers Law §86 [3]), (2) the release of the records would constitute an unwarranted invasion of the jurors’ personal privacy (see, Public Officers Law § 87 [2] [b]), and (3) the disclosure would endanger the jurors’ lives or safety (see, Public Officers Law § 87 [2] [f]). In view of our holding, we need not address these contentions.

. Judiciary Law § 509 (a) makes specific provision for disclosure "as permitted by the appellate division”. The relief sought in the CPLR article 78 proceeding here is a judgment compelling disclosure. No application has been made for a court order under Judiciary Law § 509 (a).

. Judiciary Law § 509 (a) provides: "(a) The commissioner of jurors shall determine the qualifications of a prospective juror on the basis of information provided on the juror’s qualification questionnaire. The commissioner of jurors may also consider other information including information obtained from public agencies concerning previous criminal convictions. A record of the persons who are found not qualified or disqualified or who are exempted or excused, and the reasons therefor, shall be maintained by the commissioner of jurors. The county jury board shall have the power to review any determination of the commissioner as to qualifications, disqualifications, exemptions and excuses. Such questionnaires and records shall be considered confidential and shall not be disclosed except to the county jury board or as permitted by the appellate division” (emphasis added).

. [2] We also reject petitioner’s assertion that it is entitled to the jurors’ names and addresses under the public’s constitutional right of access to criminal proceedings and under the common-law right of access to judicial records. Inasmuch as petitioner has not contended that it has been denied access to any judicial proceedings or to any transcripts of any proceedings, petitioner’s constitutional right of access has not been violated (see, Matter of Herald Co. v Roy, 107 AD2d 515, 517; United States v Beckham, 789 F2d 401, 406-409 [6th Cir]; United States v Yonkers Bd. of Educ., 747 F2d 111, 112-114 [2d Cir]; cf., Matter of Associated Press v Bell, 70 NY2d 32; Press-Enterprises Co. v Superior Ct., 464 US 501). In addition, petitioner has no common-law right of access where records, such as these, have not been entered into evidence or filed in court and are, therefore, not public judicial records (see, United States v Beckham, supra; United States v Gurney, 558 F2d 1202 [5th Cir]; cf., Bank of Am. Natl. Trust & Sav. Assn. v Hotel Rittenhouse Assocs., 800 F2d 339, 343 [3d Cir]).